UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLERK USDC EDWI
FILED

2022 NOV -4 P 3: 04

MS. QIANNA QUARTMAN,
1345 N. Jefferson Street
Unit 393
Milwaukee, WI 53202

       Plaintiff,

**22-C-1314**

  Vs.                 Case#____-_____

OFFICE FURNITURE RESOURCES, INC.
8787 Brown Deer Road
Milwaukee, Wisconsin 53224

       Defendant.

---

## I.   COMPLAINT

     In violation of 42 USC 1983; 42 USC 2000a(a)(b); 12 CFR Part 1006 Fair Debt Collection Practices Act (Regulation F); the Consumer Credit Protection Act; 11 USC 525: Protection against discriminatory treatment; § 1606.8 Harassment, the Defendant Office Furniture Resources via its Jane and John Doe agents/employees, subjected the Plaintiff to physical, debtor, racial harassment and discrimination under the color of law.

---

## II. PARTIES

1. Defendant Office Furniture Resources is a Wisconsin business corporation Headquartered in Milwaukee, Wisconsin to whom the Plaintiff's company is indebted to for $4,000.00.
2. Plaintiff Quartman is a resident of the State of Wisconsin.

## STATEMENT OF FACTS

In March of 2022, the Plaintiff, as owner of Quatman Realty, LLC obtained office furniture from the Defendant for which the company fell behind in their payments.

In October of 2022 the Plaintiff received a business grant with which she proceeded to pay her company's back bills. To that end, on October 25th, 2022 the plaintiff went to the Office Furniture Resources store at 8787 West Brown Deer Road in Milwaukee with intentions of paying an outstanding bill and perhaps making a purchase.

After a brief period of looking around the store, the plaintiff was approached by a Jane Doe employee who was quickly joined by two other John Doe employees that surrounded her whereupon she was ordered to leave the store because she had an outstanding debt with them. Further she was threatened that if she did not leave the police would be called to arrest her.

Having become fearful that the threats were indeed true and that she might even be physically attacked by the staff who had surrounded her with menacing looks, the plaintiff immediately left the store without being afforded the opportunity to pay her debt. The Jane Doe employee then asked the Plaintiff to pull down her mask so they could see the Plaintiff's face.

## THEORY OF LAW

First of all it is well established legal precedent per the "respondeat superior" doctrine that employers are civilly liable for unlawful actions of their employees while said employees are working on behalf of the owner on site. As for actions of the Defendants' employees/agents on the day of the incident which gave rise to this controversy, unless the Defendant had a **policy** of refusing all of their debtors public access to their business locations, then clearly the plaintiff was singled out and discriminated on because of her race or gender thereby violating Title II of the Civil Rights ACT and 42 USC 2000a(b)(c) which prohibits racial and sexual gender

discrimination. However, if it was a **policy of the Defendants** to discriminate against **all** of their debtors by denying them access to their stores then the legal sanction is even greater because it becomes **criminal** and also violative of the Consumer Protection Act which provides for civil means by which a lender can seek redress in the courts.

Further, the manner in which the Defendants' agents accosted the Plaintiff in the store and threatened government (police) action against her is certainly an assault and the threat of calling the police most certainly qualifies this controversy to be adjudicated as a violation of 42 USC 1983, **under the color of law.**

As a consequence of the aforementioned actions by the defendants, the Plaintiff has suffered anxiety, depression, fear that **her freedom has been put in jeopardy for trying to do the right thing** and general emotional distress.

---

## DAMAGES

1. For all of the injuries the Plaintiff has articulated above the plaintiff seeks an Order from the Court that the Defendants immediately cease and desist from their discriminatory treatment of debtors and their heavy handed unlawful methods of debt collection;
2. A global settlement of $100,000 to be paid to the plaintiff for all costs and injuries associated with this claim.
So Prayed.

Plaintiff By:

Dated: 11/4/2022

Qianna Quartman, pro se