# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

QIANNA LATRICE QUARTMAN,

    Plaintiff,

v.

OFFICE FURNITURE RESOURCES,

    Defendant.

Case No. 22-CV-1314-JPS

**ORDER**

---

On November 4, 2022, Qianna Latrice Quartman ("Plaintiff"), proceeding pro se, filed this action, alleging that Office Furniture Resources, Inc. ("Defendant") violated her rights under 42 U.S.C. § 1983, the Fair Debt Collection Practices Act, the Consumer Credit Protection Act, 29 C.F.R. § 1606.8, and 11 U.S.C. § 525. ECF No. 1. Plaintiff also filed a motion for leave to proceed without prepaying the filing fee. ECF No. 2. This Order screens Plaintiff's complaint, addresses her IFP motion, and addresses the issue of Plaintiff's prolific litigation history in this Court.

## 1. PLAINTIFF'S LITIGATION HISTORY

Plaintiff has an extensive litigation history in the Eastern District of Wisconsin.[1] This prompted the Court to enter an order in 2020 restricting

---

[1] *See Quartman v. Eppers, et al.,* No. 20-CV-1435-JPS (E.D. Wis. Sep. 14, 2020); *Quartman v. Brick,* No. 20-CV-1451-JPS (E.D. Wis. Sep. 16, 2020); *Quartman v. Hayes et al.,* No. 20-CV-1476-JPS (E.D. Wis. Sep. 21, 2020); *Quartman v. Isaac et al.,* No. 22-CV-520-JPS (E.D. Wis. Apr. 29, 2022); *Quartman v. State of Wisconsin Dep't of Corr. et al.,* No. 22-CV-1015-JPS (E.D. Wis. Sep. 2, 2022); *Quartman v. Office Furniture Res. Inc.*, No. 22-CV-1314-JPS (E.D. Wis. Nov. 4, 2022); *Quartman v. Cooper,* No. 20-CV-1008-JPS (E.D. Wis. July 6, 2020); *Quartman v. Cooper,* 20-CV-1124-JPS (E.D. Wis. July 23, 2020); *Quartman v. Cooper,* No. 20-CV-1391-JPS (E.D. Wis. Sep. 8, 2020); *Quartman v. Cooper,* No. 20-CV-1392-JPS (E.D. Wis. Sep. 8, 2020); *Quartman v. Cooper,* No. 20-CV-1393-JPS (E.D. Wis. Sep. 8, 2020).

Plaintiff from filing "any new civil cases in this district until such time as the number of her pending cases has been reduced to two or less." 20-CV-1008-JPS, ECF No. 6. Plaintiff did comply with the Court's 2020 order by reducing the number of her active cases to two, and then to zero for a period of roughly six months.

Since the beginning of 2022, however, Plaintiff has renewed her practice of litigiousness. She has three active federal cases at the time of the Court's order.[2] In *Quartman v. Isaac et al.*, Magistrate Judge Nancy Joseph recommended that Plaintiff's action be dismissed with prejudice for failure to prosecute. No. 22-CV-520-JPS, ECF No. 6. Plaintiff narrowly avoided dismissal of that case by returning to prosecute her case by objecting to Magistrate Judge Joseph's report and recommendation. No. 22-CV-520-JPS, ECF No. 7. The Court rejected the report and recommendation in light of Plaintiff's renewed prosecution of the action. ECF No. 22-CV-520-JPS, ECF No. 8. In *Quartman v. State of Wisconsin Department of Corrections et al.*, Plaintiff sought relief of 10 million dollars after the State held a criminal hearing involving Plaintiff as defendant, the holding of which was allegedly improper due to Plaintiff being on prescribed pain medication at the time. No. 22-CV-1015-JPS, ECF No. 1.

Plaintiff has a similarly extensive filing history in the Wisconsin state court system. In the state court system, she filed three cases in 2020 and two in 2022.[3]

---

[2]*Quartman v. Isaac et al.*, No. 22-CV-520-JPS (E.D. Wis. Apr. 29, 2022); *Quartman v. State of Wisconsin Dep't of Corr. et al.*, No. 22-CV-1015-JPS (E.D. Wis. Sep. 2, 2022); *Quartman v. Office Furniture Res. Inc.*, No. 22-CV-1314-JPS (E.D. Wis. Nov. 4, 2022).

[3]*See generally* Wisconsin Circuit Court Access, https://wcca.wicourts.gov/caseSearchResults.html (last visited Nov. 15, 2022).

The Court addressed Plaintiff's litigiousness in *Quartman v. Cooper* in September of 2020. The Court there noted that Plaintiff had filed five habeas cases, various civil suits, and had informed the Court in a 2020 filing that she intended to commence "over 20 federal law suits [sic] within 60 days from the date of this complaint." No. 20-CV-1008-JPS, ECF No. 6 (quoting No. 20-CV-1476, ECF No. 2 at 4).

Plaintiff did not make good on her threat to file over "20 federal law suits [sic]", *id.*, but she has continued filing various suits, sometimes within mere days or weeks of each other, the merits of which are often highly questionable at best. Accordingly, the Court finds it necessary to reinstate a filing restriction on Plaintiff. As the Court noted in its previous filing restriction on Plaintiff, the right of access to the federal courts is not absolute. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003). Consistent and repetitive filing of new cases burdens the Court's limited resources. Such a practice harms not only the Court and other litigants who are entitled to the Court's attention, but also the serial litigant herself—the Court is forced to divert attention from the potential merits of her action to address the serial litigant's behavior. It is the Court's responsibility to allocate its limited resources in a way that promotes the interests of justice. *In re McDonald*, 489 U.S. 180, 184 (1989). That aim cannot be achieved if, as Plaintiff would have it, the Court is forced to dedicate a disproportionate amount of its resources to all manner of disputes by the same litigant. The Court is accordingly entitled to implement filing bars that are "narrowly tailored to the type of abuse" and that do not "bar the courthouse door absolutely." *Chapman v. Exec. Comm.*, 324 Fed. App'x 500, 502 (7th Cir. 2009).

The Court will order that Plaintiff be barred from filing any new civil cases in this district until such time as the number of her pending cases is

reduced to two, and the maximum number of cases Plaintiff may have pending at any one time is two. This will allow Plaintiff to maintain meaningful litigation in this District while protecting the Court's limited resources and other litigants' entitlement thereto.

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In her motion, Plaintiff avers that she is unemployed and has zero monthly income apart from $300 worth of monthly state benefits. ECF No. 2. She writes that she has $5 in savings and owns no property such as a vehicle or home. *Id*. The Court is satisfied that Plaintiff is indigent. However, the Court must note that in Plaintiff's August 29, 2022 filing in No. 22-CV-520, she attested to being employed with a non-profit organization. *See* No. 22-CV-520, ECF No. 7 at 1 ("The Plaintiff is actively working as President of a non-profit organization called "She the People March" . . . ."). Moreover, in Plaintiff's "Statement of Facts" in her pro se complaint for the present action, she writes that she is the owner of "Quatman Realty, LLC."[4] ECF No. 1. These attestations conflict with Plaintiff's assertion that she is currently unemployed. The discrepancy will not at this time prevent the Court from granting Plaintiff's motion to

---

[4]The Court assumes that this is a typographical error intended to read "Quartman Realty, LLC."

proceed in forma pauperis. The Court cautions Plaintiff, however, that she must be fully forthcoming in her filings with the Court or otherwise risk sanctions or dismissal of her suit. *See, e.g., McGhee v. Suliene*, No. 15-cv-258-bbc, 2017 U.S. Dist. LEXIS 41085, at *2 (W.D. Wis. Mar. 22, 2017) (collecting cases). Presenting inaccurate information to the Court is a serious matter and will not be taken lightly.

But the inquiry does not end there; the Court must also screen the action.

## 2. SCREENING STANDARDS

Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016)

(internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 4. RELEVANT ALLEGATIONS

Plaintiff alleges that in March of 2022, she purchased office furniture from Defendant in her capacity as owner of "Quatman Realty, LLC."[5] ECF No. 1 at 2. She thereafter fell behind on the payments for the office furniture. *Id*.

In October of that year, Plaintiff received a business grant. *Id*. Plaintiff went to Defendant on October 25, 2022 with the intention of "paying an outstanding bill and perhaps making a purchase." *Id*. Plaintiff entered the store and spent a brief period browsing. *Id*. She was then approached by "a Jane Doe employee" and thereafter "two other John Doe employees." *Id*. The employees surrounded her and ordered her to leave the store, citing Plaintiff's outstanding debt. *Id*. The employees further informed her that if she did not leave, they would call the police. *Id*.

Plaintiff attests that she became fearful that she may be physically attacked by the employees. *Id*. She writes that they "surrounded her with menacing looks." *Id*. The Jane Doe employee asked Plaintiff to pull down

---

[5]*See supra* note 4.

her mask so the employees could see her face. *Id*. Plaintiff thereafter left the store "without being afforded the opportunity to pay her debt." *Id*. She attests to having suffered from anxiety, depression, fear, and general emotional distress as a consequence of the interaction. *Id.*

## 5. SCREENING ANALYSIS

As noted previously, Plaintiff's complaint alleges that Defendant violated her rights under 42 U.S.C. § 1983, the Fair Debt Collection Practices Act, the Consumer Credit Protection Act, 29 C.F.R. § 1606.8, and 11 U.S.C. § 525. ECF No. 1. Because Plaintiff has failed to state a claim under any of these provisions, the Court will allow Plaintiff to file an amended complaint by **December 30, 2022** in accordance with the remainder of this Order. Failure by Plaintiff to address the deficiencies herein noted within the time allowed by the Court will result in dismissal of the action with prejudice.

### 5.1 § 1983

Plaintiff fails to state a claim under § 1983. A claim cannot be stated thereunder against a private entity without any allegation of government involvement or an allegation that the private entity is performing a traditional government function. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"). Plaintiff has not alleged facts indicating that Defendant, a private entity, has acted under color of law or whilst "clothed with the authority of state law." *Id*. Plaintiff alleges that her claim can be analyzed under § 1983 because Defendant "threatened government (police) action against her." ECF No. 1 at 3. A non-state actor's threat to involve the

Page 7 of 16
Case 2:22-cv-01314-JPS    Filed 11/28/22    Page 7 of 16    Document 4

police does not equate to conduct under the color of law for purposes of § 1983.

The Court will not allow Plaintiff to amend her complaint to attempt to properly state a claim under § 1983 because doing so would be futile. *See King v. E. St. Luis Sch. Dist. 189,* 496 F.3d 812, 819 (7th Cir. 2007). The situation described by Plaintiff forming the basis of her complaint involves no persons or conduct that could give rise to a proper § 1983 claim. Accordingly, the Court will not allow Plaintiff to proceed on a § 1983 claim against Defendant or its employees. Should Plaintiff take advantage of the opportunity afforded by the Court to file an amended complaint, she should not restate § 1983 as a basis for relief.

### 5.2 Fair Debt Collection Practices Act

To state a claim under the Fair Debt Collection Practices Act ("FDCPA"), Plaintiff must allege that (1) Defendant is a "debt collector" pursuant to 15 U.S.C. § 1692a(6), (2) the challenged actions were "in connection with the collection of any debt," and (3) the actions violated a substantive provision of the FDCPA. *Pagan v. Rushmore Loan Mgmt. Servs. LLC*, 19-cv-0735, 2020 U.S. Dist. LEXIS 237437, at *5 (N.D. Ill. Dec. 17, 2020) (internal citation omitted). The FDCPA prevents debt collectors from using "any false, deceptive, or misleading representation or means in collection with any debt." 15 U.S.C. § 1692e. It is designed to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692a(6). It applies only to "debt collectors" whose conduct involves the collection of a debt. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

> The term "debt collector" means
>
> > any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose

> of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another . . . . such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).

The Court is guided by *McCready v. eBay, Inc*. There, the plaintiff alleged that it could bring a FDCPA claim against eBay because eBay "regularly attempts" to collect debts. *McCready*, 453 F.3d at 888–89 (citing 15 U.S.C. § 1692a(6)). The same could be argued by Plaintiff here as to Defendant. However, as noted by the Seventh Circuit in *McCready,* to be a "debt collector" under the FDCPA "entails engaging in some affirmative conduct with regard to collecting a debt . . . ." *Id.* at 889. "McCready's allegations make clear that eBay has remained passive and, at most, refused to act . . . without threatening to take collection action against McCready . . ." *Id*. "In no way," the Seventh Circuit wrote, "can this be construed as an effort by eBay to 'collect' a debt." *Id*. (internal citation omitted).

The same is true here. Plaintiff has not alleged facts that Defendant took any action against her in order to collect a debt. Plaintiff does not even allege that Defendant intended to collect her debt at the time of the interaction—to the contrary, Defendant told her to leave the store notwithstanding Plaintiff's alleged desire to pay her debt. Accordingly, Plaintiff has failed to state a claim under the FDCPA. Allowing Plaintiff to amend her complaint to state a claim under the FDCPA would be futile because Plaintiff has expressly conceded that Defendant engaged in no conduct to collect her debt. As in *McCready,* Defendant and its employees' conduct can in no way be "construed as an effort . . . to 'collect' a debt." *Id.*

Page 9 of 16
Case 2:22-cv-01314-JPS   Filed 11/28/22   Page 9 of 16   Document 4

Accordingly, the Court will not allow Plaintiff to proceed on this claim. Should Plaintiff take advantage of the opportunity afforded by the Court to file an amended complaint, she should not restate the FDCPA as a basis for relief.

### 5.3 Consumer Credit Protection Act

Plaintiff also cites generally to the Consumer Credit Protection Act. That Act includes 15 U.S.C. § 1692, or the FDCPA, discussed above. It is not clear under which, if any, additional provision of the Consumer Credit Protection Act Plaintiff seeks relief. The Act entails protections in the contexts of consumer credit cost disclosure, restrictions on garnishment, credit repair organizations, credit reporting agencies, equal credit opportunity, debt collection practices (discussed above), and electronic fund transfers. *See generally* Chapter 41, Consumer Credit Protection, §§ 1601–1693r.

It is not clear that any of the remaining provisions are applicable to Plaintiff's case. She does not allege any facts involving credit cards that might implicate the consumer credit cost disclosure provisions, §§ 1601–1667f. She does not allege any facts relating to garnishment under §§ 1671–1677, nor relating to credit repair organizations under §§ 1679–1679j. Plaintiff alleges no facts relating to credit reporting agencies under §§ 1681–1681x, and the Court has already discussed Plaintiff's claims within the context of the FDCPA. Plaintiff also does not allege facts that would implicate the electronic fund transfers provisions, §§ 1693–1693r.

The remaining provisions of the Consumer Credit Protection Act relate to equal credit opportunity. §§ 1691–1691f. Those provisions prohibit the discrimination by a creditor against any applicant "with respect to any aspect of a credit transaction" on the basis of enumerated classes. § 1691(a).

Those enumerated classes include race and sex. *Id*. Applicant is therein defined as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." § 1691a(b). Creditor is defined as "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." § 1691a(e).

Plaintiff does not allege facts indicating that Defendant constitutes a creditor and that she constitutes an applicant for purposes of § 1691. Plaintiff purchased office furniture, apparently on credit, from Defendant. But that does not automatically place Plaintiff and Defendant's interaction within the scope of § 1961. At the time of the alleged interaction, Plaintiff had already purchased the furniture from Defendant. She was no longer an applicant for anything.

And even if Plaintiff had constituted an applicant and Defendant a creditor under these provisions, Plaintiff would still have failed to state a claim thereunder because she expressly writes that Defendant and its employees ordered her removal from the store "because she had an outstanding debt with them." ECF No. 1 at 2. Plaintiff later writes that "unless the Defendant had a policy of refusing all of their debtors public access to their business locations, then clearly the plaintiff was singled out and discriminated on because of her race or gender . . . ." *Id*. But this does not follow. Plaintiff does not allege that Defendant ordered her removal from the store while it fails to do so to other individuals owing debts to Defendant. Plaintiff speculates that her removal from the store could be

attributable to her race or sex, but she offers no facts supporting that speculation, and in fact offers facts to the contrary.

To survive screening, Plaintiff must "plausibly suggest that [she] has a right to relief, raising that possibility *above a speculative level*." *Kubiak,* 810 F.3d at 480 (internal citation omitted) (emphasis added). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Plaintiff has not met these standards. But because the Court cannot at this time conclude that she cannot possibly do so, the Court will allow Plaintiff to amend to address the deficiencies herein noted relating to Plaintiff's §§ 1691–1691f equal credit opportunity claim.

### 5.4  29 C.F.R. § 1606.8

Plaintiff additionally cites 29 C.F.R. § 1606.8. That provision is part of the Equal Employment Opportunity Commission's ("EEOC") guidelines on discrimination. It provides that "harassment on the basis of national origin is a violation of Title VII." § 1606.9(a). Title VII relates to discrimination in the context of a plaintiff's employment. Plaintiff does not allege that Defendant is her employer, and so she fails to state a claim under Title VII. Nor does Plaintiff claim that she was discriminated against on the basis of national origin, and so 29 C.F.R. § 1606.8 is inapplicable regardless.

Because the circumstances alleged by Plaintiff do not fall under Title VII, it would be futile to allow Plaintiff to amend her complaint to attempt to state a claim thereunder. The Court will not allow Plaintiff to proceed with any claims under Title VII or with reference to 29 C.F.R. § 1606.8. Should Plaintiff take advantage of the opportunity afforded by the Court to file an amended complaint, she should not restate 29 C.F.R. § 1606.8 as a basis for relief.

### 5.5 11 U.S.C. § 525

Plaintiff also seeks relief under 11 U.S.C. § 525. That section "prohibits public and private employers from discriminating against employees who have filed for bankruptcy." BANKRUPTCY CODE'S EMPLOYMENT DISCRIMINATION PROTECTIONS: KEY CONSIDERATIONS (maintained by Patrick J. Lamparello and Noa Baddish). To prove a claim of disclination under 11 U.S.C. § 525, an individual "must show that he or she suffered discrimination in employment *solely because* he or she filed a bankruptcy petition." *Id*.

This section appears entirely inapplicable to the circumstances alleged by Plaintiff. Plaintiff does not claim that anyone, Defendant or otherwise, discriminated against her based on her having filed bankruptcy, nor does she claim to have filed bankruptcy in the first place. Furthermore, Defendant is not Plaintiff's employer. Because these deficiencies cannot be remedied by further factual elaboration, the Court will not allow Plaintiff to proceed with a claim under 11 U.S.C. § 525.

### 5.6 Intentional Infliction of Emotional Distress

Plaintiff also alleges that Defendant's actions caused her "general emotional distress." ECF No. 1 at 3. To state a claim for intentional infliction of emotional distress ("IIED") under Wisconsin law, the plaintiff must allege that (1) the defendant's conduct was intentioned to cause emotional distress; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct was a cause-in-fact of the plaintiff's emotional distress; and (4) the plaintiff suffered an extreme disabling emotional response to the defendant's conduct. *Leczner v. Fargo*, No. 14-cv-691-wmc, 2017 U.S. Dist. LEXIS 82713, at *7 (W.D. Wis. May 31, 2017) (internal citation omitted). Plaintiff has not met this standard. She does not allege that the motive

Page 13 of 16
Case 2:22-cv-01314-JPS   Filed 11/28/22   Page 13 of 16   Document 4

behind Defendant's employees' actions was to cause her emotional distress. It does not appear that Defendant's actions rose to a level of being "extreme and outrageous." *Id*. The Court is highly skeptical that Plaintiff can meet this standard even through the opportunity of amendment, but because the Court cannot conclude that there is no set of facts Plaintiff could plead to state a claim for IIED, the Court will allow her to amend to address the deficiencies with this claim.

6.  **CONCLUSION**

For the reasons stated herein, Plaintiff has failed to state a claim under any of her enumerated grounds for relief. Further, the Court cannot conceive of any other possible ground for relief available to Plaintiff based on the facts provided. Based on the facts alleged thus far, she does not appear to have suffered any injury cognizable at law. She alleges that she suffered emotional distress based on the interaction with Defendant and its employees, but the facts alleged do not rise to the level of intentional infliction of emotional distress. She alleges that Defendant's employees threatened to call the police if she did not leave the store, but that does not constitute a tort.

Not every dispute justifies litigation. Plaintiff failed to pay a debt to Defendant, and Defendant's employees accordingly instructed her to leave the store. These facts, as currently pleaded, do not entitle Plaintiff to legal relief. This action is precisely demonstrative of why it is necessary to reimpose a filing bar on Plaintiff.

Although the Court will afford Plaintiff leave to amend her complaint to the extent that it seeks to raise an IIED claim and an equal credit opportunity claim, the Court has already noted that she cannot remedy her other claims by amendment. Plaintiff should accordingly not

attempt to re-plead any claims the amendment of which the Court has already deemed futile. Furthermore, if Plaintiff fails to correct the deficiencies discussed in this Order in the time allowed by the Court, the Court will dismiss her action with prejudice without further notice. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (court may dismiss pro se complaint where it has no doubt that plaintiff can prove no set of facts which would entitle her to relief). Plaintiff is advised that her amended complaint must bear her mailing address, signature, docket number assigned to this case, and must be simply labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without references to the original complaint. In other words, it must contain all relevant factual allegations within the **same document**—it is not enough for the factual allegations to appear in a separate filing. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998); Civ. L.R. 12 ("Any amendment to a pleading . . . must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall **FILE** by **December 30, 2022**, an amended complaint pursuant to the terms of this Order; failure to address the deficiencies discussed herein within the time allowed by the Court will result in dismissal of this action with prejudice;

**IT IS FURTHER ORDERED** that Plaintiff is barred from filing any new civil cases in this district until such time as the number of her pending

cases is reduced to two. Moreover, the maximum number of cases Plaintiff may have pending in this district at any one time moving forward is two.

**IT IS FURTHER ORDERED** that, consistent with the terms of this Order, the Clerk of Court shall return any new case filings received from, or on behalf of, Qianna Latrice Quartman back to her unfiled, along with a copy of this Order.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge