# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| QIANNA LATRICE QUARTMAN,<br><br>                      Plaintiff,<br><br>v.<br><br>OFFICE FURNITURE RESOURCES INC.,<br><br>                      Defendant. | Case No. 22-CV-1314-JPS<br><br>**ORDER** |

      On November 4, 2022, Plaintiff Qianna Quartman ("Plaintiff") filed this action against Defendant Office Furniture Resources Inc. ("Defendant"). ECF No. 1. Plaintiff simultaneously filed a motion to proceed in forma pauperis. ECF No. 2.

      On November 28, 2022, the Court granted Plaintiff's motion to proceed in forma pauperis and ordered Plaintiff to file an amended complaint by December 30, 2022 to attempt to address Plaintiff's failure to state a claim. ECF No. 4. The Court at that time also discussed Plaintiff's extensive litigation history and reinstated a filing restriction on her. *Id.* The Court further noted that if Plaintiff failed to file a proper amended complaint within the time allocated by the Court as ordered, the Court would dismiss her case with prejudice for failure to prosecute. *Id.* at 15.

      To date, the Court has not received an amended complaint from Plaintiff, nor any other filing or communication. The Court is authorized to dismiss Plaintiff's case for failure to prosecute. *See, e.g.,* Fed, R. Civ. P. 41(b) (authorizing dismissal with prejudice for failure to prosecute); Civ. L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently

prosecuting the action, the Court may enter an order of dismissal with or without prejudice."); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (noting that when a party seeks the assistance of the judicial system by filing a lawsuit, she can't just decide for herself when to press the action or when to take a break). A district court may, and often should, dismiss a case for failure to prosecute in order to achieve the orderly disposition of its cases. *See Link v. Wabash R. Co.,* 370 U.S. 626, 630–31 (1962). Furthermore, the Court has given Plaintiff due notice of the possibility of this result and what circumstance would trigger it. ECF No. 4 at 15; *see Burns v. Parish,* No. 21-cv-329-jdp, 2022 U.S. Dist. LEXIS 186275, at *2 (W.D. Wis. Oct. 12, 2022) ("[C]ourts are encouraged to warn plaintiffs that their case may be dismissed before ordering that sanction, especially if they appear pro se.") (citing *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012)).

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of January, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge